IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 10-cv-02030-WYD

NED PRATHER, PRATHER OUTFITTERS, INC.,
RICHARD L. PRATHER, WILLIAM LYLE PRATHER,
DONNA KOEHLER, and JOJO PROPERTIES, LLC, a
Colorado limited liability company,

    Plaintiffs,

v.

WILLIAMS PRODUCTION RMT COMPANY, a Delaware corporation,

    Defendant.

## ORDER OF REMAND

THIS MATTER is before the Court on a review of the Notice of Removal by Defendant Williams Production RMT Company filed August 23, 2010. The Notice of Removal asserts that diversity jurisdiction exists pursuant to 28 U.S.C. § 1332(a).

After carefully reviewing the pleadings, I find that this case must be remanded based on the failure of the Defendant to show that the amount in controversy is satisfied. The amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001); *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). If the jurisdictional amount is not shown by the allegations of the complaint, "[t]he burden is on the party requesting removal to set forth, in the notice of removal itself, the 'underlying facts supporting [the]

assertion that the amount in controversy exceeds [$75,000].'" *Laughlin*, 50 F.3d at 873 (quotation omitted). In other words, the amount in controversy must be affirmatively established on the face of either the petition or notice of removal. *Id*. The removal statute is construed narrowly. *Martin*, 251 F.3d at 1289.

In this case, the allegations of the complaint do not show that the amount in controversy exceeds $75,000, as required to establish diversity jurisdiction. 28 U.S.C. § 1332(a)(1). Thus, I turn to the notice of removal. The notice of removal fails to allege any specific amount of damages. Instead, it references only the civil cased cover sheet filed in state court contemporaneously with the complaint which represents that Plaintiffs are seeking a monetary judgment for more than $100,000.00 from this Defendant.

I find that this is not sufficient to establish that the jurisdictional amount is satisfied. A number of cases from this Court have held that reliance solely on the civil case cover sheet filed in state court to establish the jurisdictional amount is insufficient, and I incorporate their reasoning herein. *See Desmarais v. Owners Ins. Co.*, No. 10-cv-01786-WYD, 2010 WL 3033618, at *1-2; *Kethley v. Property & Cas. Ins. Co. of Hartford*, No. 10-cv-00154-CMA-MEH, 2010 WL 924153, at *2 (D. Colo. 2010); *Baker v. Sears Holding Corp.*, No. 07-cv-01106-MSK-MEH, 2007 WL 2908434, at * 3-4 (D. Colo. 2007); *Ralph v. SNE Enterprises, Inc.*, No. 07-cv-01163-WDM-MJW, 2007 WL 1810534,25 at *1 (D. Colo. 2007). Thus, I find that the amount in controversy has not been affirmatively established on the face of either the Complaint or the Notice of Removal as required by 28 U.S.C. § 1332(a)(1).

In finding that Defendant has not established the jurisdictional amount, I am guided by the strong presumption against removal of civil actions to federal court based on diversity jurisdiction. Accordingly, it appears that the Court lacks subject matter jurisdiction over this action and I find that this matter must be remanded to the State Court. *See* 28 U.S.C. § 1447(c). It is therefore

ORDERED that the Clerk of Court is directed to **REMAND** this action to the District Court, County of Garfield, State of Colorado, from which the case was removed.

Dated: August 24, 2010

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge